JS 44C/SDNY
REV. 07/08/16

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Hermès of Paris, Inc. | Matthew Swain |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Proskauer Rose LLP
One Newark Center, 18th Floor, Newark, New Jersey  07102
Telephone: 973.274.3200

ATTORNEYS (IF KNOWN)
Niedweske Barber Hager, LLC
98 Washington Street, Morristown, New Jersey  07960
Telephone: 973.401.0064

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Petition to Compel Arbitration and Stay pending State Court action pursuant to 28 USC § 1332(a)(1).

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☑ Yes ☐    Judge Previously Assigned

If yes, was this case Vol.☐ Invol. ☐   Dismissed. No ☐ Yes ☐   If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No ☒   Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*        NATURE OF SUIT

### TORTS

### CONTRACT
| [ ] 110 | INSURANCE |
| [ ] 120 | MARINE |
| [ ] 130 | MILLER ACT |
| [ ] 140 | NEGOTIABLE INSTRUMENT |
| [ ] 150 | RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT |
| [ ] 151 | MEDICARE ACT |
| [ ] 152 | RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) |
| [ ] 153 | RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS |
| [ ] 160 | STOCKHOLDERS SUITS |
| [ ] 190 | OTHER CONTRACT |
| [ ] 195 | CONTRACT PRODUCT LIABILITY |
| [ ] 196 | FRANCHISE |

### PERSONAL INJURY
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

### PERSONAL INJURY
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

### PERSONAL PROPERTY
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

### PRISONER PETITIONS
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

### ACTIONS UNDER STATUTES

### CIVIL RIGHTS
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES - OTHER
[ ] 448 EDUCATION

### FORFEITURE/PENALTY
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

### LABOR
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

### IMMIGRATION
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

### PRISONER CIVIL RIGHTS
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

### ACTIONS UNDER STATUTES

### BANKRUPTCY
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

### PROPERTY RIGHTS
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

### SOCIAL SECURITY
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

### OTHER STATUTES
[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[x] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

### REAL PROPERTY
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

---

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $_____  OTHER Compel Arb.   JUDGE _____   DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☒ NO        NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

# A-17

*(PLACE AN x IN ONE BOX ONLY)*                                      **ORIGIN**

[x] 1 Original    [ ] 2 Removed from    [ ] 3 Remanded    [ ] 4 Reinstated or    [ ] 5 Transferred from    [ ] 6 Multidistrict    [ ] 7 Appeal to District
    Proceeding        State Court        from         Reopened       (Specify District)      Litigation       Judge from
                                   Appellate                                   (Transferred)       Magistrate Judge
    [ ] a. all parties represented      Court

                                                                [ ] 8 Multidistrict Litigation (Direct File)
    [ ] b.  At least one party
       is pro se.

*(PLACE AN x IN ONE BOX ONLY)*              **BASIS OF JURISDICTION**              *IF DIVERSITY, INDICATE*
                                                                      *CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [ ] 3 FEDERAL QUESTION    [x] 4 DIVERSITY
                                      (U.S. NOT A PARTY)

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [x]2 [x]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [x]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Hèrmes of Paris, Inc.
55 E. 59th Street
New York, New York 10022
New York County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

5 Lawrence Street
Bloomfield, New Jersey  07003
Essex County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

### COURTHOUSE ASSIGNMENT

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.
       DO NOT check either box if this is a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 8/5/2016                                    ADMITTED TO PRACTICE IN THIS DISTRICT
             SIGNATURE OF ATTORNEY OF RECORD       [ ] NO
RECEIPT #                                             [x] YES (DATE ADMITTED  Mo. **Feb.**  Yr. **1979**   )
                                                      Attorney Bar Code # 1254705

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# A-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x

HERMÉS OF PARIS, INC.,

                          Petitioner,

         - against -

MATTHEW SWAIN,

                        Respondent.

-------------------------------------------------- x

Civil Action No. _____

**Electronically Filed**

**RULE 7.1 DISCLOSURE
STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and to enable judges and

magistrate judges of the Court to evaluate possible disqualification and recusal, the undersigned

counsel of record for Petitioner Hermés of Paris, Inc. ("Hermés"), by its attorneys, Proskauer

Rose LLP, states as follows:

Petitioner Hermés certifies that it is a wholly owned subsidiary of Hermés International

SCA, which is a publicly traded entity on the French stock exchange.

Dated: Newark, New Jersey
       August 5, 2016

PROSKAUER ROSE LLP

*/s/ Lawrence R. Sandak*
Lawrence R. Sandak
Edna D. Guerrasio
One Newark Center, 18th Floor
Newark, NJ 07102-5211
Tel: (973) 274-3200
Fax: (973) 274-3299
*Attorneys for Plaintiff*
*Hermés of Paris, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x
HERMÉS OF PARIS, INC.,              :

                     Petitioner,   :

        - against -         :

MATTHEW SWAIN,               :

                    Respondent.  :
-------------------------------------------------- X

Civil Action No. _____

**Electronically Filed**

## NOTICE OF PETITION TO COMPEL ARBITRATION AND
## ENJOIN STATE COURT ACTION

PLEASE TAKE NOTICE that, upon the Petition to Compel Arbitration and Enjoin the
Pending State Court Action, dated August 5, 2016, the accompanying Memorandum of Law in
Support of the Petition to Compel Arbitration and Enjoin the Pending State Court Action, dated
August 5, 2016, the Declaration of Lawrence R. Sandak in Support of the Petition to Compel
Arbitration and Enjoin the State Court Action, dated August 5, 2016, and the exhibits attached
thereto, and all other pleadings and proceedings in this action, Petitioner Hermés of Paris, Inc.
will petition this Court at the United States Courthouse, 500 Pearl Street, New York, New York,
on a date to be determined by the Court, for an order (i) pursuant to 9 U.S.C. § 4 compelling
Respondent Matthew Swain to submit to binding arbitration in New York County, New York,
the claims asserted in his complaint filed in the Superior Court of New Jersey, County of Essex,
Docket No. L-4996-16, as well as any other claims he could have asserted, or can assert; (ii)
pursuant to 28 U.S.C. § 2283 and the Court's inherent authority, enjoining the aforedescribed
New Jersey State court action; and (iii) granting such other and further relief as the Court may
deem just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Civil Rule 6.1(b), opposing affidavits and answering memoranda, if any, shall be served within fourteen (14) days after service of this notice.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Civil Rule 6.1(b), reply affidavits and memoranda of law, if any, shall be served within seven (7) days after service of the answering papers.

Dated: Newark, New Jersey
      August 5, 2016

PROSKAUER ROSE LLP

*/s/ Lawrence R. Sandak*
Lawrence R. Sandak
Edna D. Guerrasio
PROSKAUER ROSE LLP
One Newark Center, 18th Floor
Newark, New Jersey  07102-5311
(973) 274-3200
*Attorneys for Petitioner*
*Hermés of Paris, Inc.*

PROSKAUER ROSE LLP
Lawrence R. Sandak
Edna D. Guerrasio
One Newark Center, 18th Floor
Newark, New Jersey  07102-5311
(973) 274-3200
*Attorneys for Petitioner*
*Hermés of Paris, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x

HERMÉS OF PARIS, INC.,                          :
                                                :     Civil Action No. _____
                              Petitioner,       :
                                                :     **Electronically Filed**
              - against -                       :
                                                :
MATTHEW SWAIN,                                  :
                                                :
                              Respondent.       :
---------------------------------------------------- X

**DECLARATION OF LAWRENCE R. SANDAK**
**IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND**
**ENJOIN PENDING STATE COURT ACTION**

I, LAWRENCE R. SANDAK, make this Declaration pursuant to 28 U.S.C. § 1746. I hereby declare as follows:

1.      I am an attorney-at-law licensed to practice in the State of New York and a member of the firm of Proskauer Rose LLP, attorneys for Petitioner Hermés of Paris, Inc. ("Hermés" or "Petitioner") in the above-captioned matter.  As such, I am familiar with the facts and circumstances surrounding this proceeding and the facts set forth herein.

2.      I submit this Declaration in Support of Hermés' Petition to Compel Respondent Matthew Swain ("Swain" or "Respondent") to arbitrate his claims pursuant to 9 U.S.C. § 4 and to enjoin the pending State court action pursuant to 28 U.S.C. § 2283.

3.      Attached hereto as Exhibit A is a true and correct copy of the Complaint filed by Swain on July 19, 2016 in the Superior Court of New Jersey, Essex County, Law Division, Docket No. L-4996-16, captioned *Matthew Swain v. Hermés of Paris; Lorenzo Bautista, Individually; ABC Corporation(s) 1-5; and John and/or Jane Doe(s) 1-5.*

4.      Attached hereto as Exhibit B is a true and correct copy of the parties Dispute Resolution Procedure Agreement, dated August 10, 2015, and signed by Respondent on August 28, 2015, reflecting the parties agreement to submit all unresolved disputes to binding arbitration.

5.      Attached hereto as Exhibit C is a true and correct copy of e-mail correspondence between Gail Wheeler, Vice President, Legal Counsel of Hermés, and Christopher W. Hager, Esq. of Niedweske Barber Hager, LLC, counsel for Swain, dated July 19, 2016.

6.      Attached hereto as Exhibit D is a true and correct copy of e-mail correspondence between Lawrence R. Sandak and Joanne Saint Louis, Director of ADR Services, American Arbitration Association, dated July 27, 2016.

7.      Attached hereto as Exhibit E is a true and correct copy of correspondence from the American Arbitration Association to Lawrence R. Sandak and Christopher W. Hager, dated July 26, 2016, pertaining to Hermés of Paris, Inc.'s Request for Mediation.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Newark, New Jersey
        August 5, 2016

                                        */s/ Lawrence R. Sandak*
                                        Lawrence R. Sandak

# Exhibit B

# HERMÈS

### HERMÈS OF PARIS, INC.
55 EAST 59TH STREET, NEW YORK, NEW YORK 10022
TEL (212) 759-7585 • FAX (212) 644-2132

<u>**PERSONAL & CONFIDENTIAL**</u>

August 10, 2015

Matthew Swain
Managing Director
Hermès of Paris, Inc.
1200 Morris Turnpike
Space A216
Short Hills, NJ 07078

Re:   Dispute Resolution Procedure

Dear Matthew:

As you know, Hermès has been a family owned company for nearly 180 years with a long held tradition of embracing our Hermès colleagues as members of a larger family.  However, as may be true in any family, disagreements or disputes sometimes may arise.  When they do arise, such disagreements or disputes may result in lengthy, distracting and expensive litigation in court, which can disrupt the workplace, interfere with our collegial relationships and inhibit the spirit of family so valued at Hermès.

That is why Hermès of Paris, Inc. ("HOP" or "the Company") is adopting a Dispute Resolution Procedure designed to result in more efficient, less expensive, and less disruptive dispute resolution procedures for employees and HOP.   With this Dispute Resolution Procedure, the Company's goal is to facilitate the prompt resolution of any disputes, and to resolve them confidentially and fairly without having to resort to the court system.  A list of disputes covered and excluded is attached at the end of this letter.

The procedure has 3 steps to facilitate resolution:  Step 1 (informal efforts through HOP management channels), Step 2 (external mediation by an independent, neutral third-party) and Step 3 (final, binding arbitration by an independent, neutral third-party).

<u>**Step 1. (Internal Channels)**</u>

Employees who have a complaint or concern should speak to their supervisor.  If they do not feel comfortable doing so, or the complaint or concern involves the supervisor, employees should contact the SVP or Senior Director of HOP Human Resources.  Our hope is that most disputes can be resolved through these internal discussions.

ATLANTA • BEVERLY HILLS • BOSTON • CHARLOTTE • CHICAGO • COSTA MESA • DALLAS • DENVER • GREENWICH • HONOLULU • HOUSTON
KING OF PRUSSIA • LAS VEGAS • MIAMI • NEW JERSEY • NEW YORK • PALM BEACH • SAN DIEGO • SAN FRANCISCO • SEATTLE • WASHINGTON D C
HERMES.COM
HERMES OF PARIS INC  COMPANY OF THE HERMES GROUP • REGISTERED OFFICE 55 EAST 59TH STREET • NEW YORK, NEW YORK 10022

## Step 2. (External Mediation)

If a dispute is not resolved, either you or HOP will have the opportunity to discuss and hopefully amicably resolve the matter through mediation—a voluntary, confidential non-binding process. Either you or HOP may invoke the mediation procedure by submitting a request to the SVP or Senior Director of Human Resources. Mediation allows either you or HOP to seek to resolve the dispute through a facilitated conversation before an independent, experienced, neutral mediator whom you and HOP will jointly select from the American Arbitration Association (AAA), a well-respected provider of alternative dispute resolution service. AAA mediation procedures will apply. HOP will pay the costs and fees of the mediation and you may, if you wish, be represented by an attorney in the mediation, but you will be responsible for your own attorneys' fees.

## Step 3. (Final and Binding Arbitration)

If a dispute cannot be resolved through mediation, either you or HOP may initiate final and binding arbitration within six months after you or HOP become aware, or should have reasonably become aware, of the facts giving rise to the dispute, unless the dispute arises under a law that provides an alternate filing period, in which case such period shall apply. Your request for arbitration should be sent to the SVP or Senior Director of Human Resources.

Arbitration offers a speedy, confidential and economical way for you and HOP to present the dispute to an independent, experienced, neutral arbitrator whom you and HOP will jointly select from the AAA arbitrator panel. The arbitrator will decide the dispute and his or her decision will be binding on both you and HOP. The arbitrator has the same power to award the remedies otherwise available in court. HOP will pay the costs and fees associated with the arbitration, and you may, if you wish, be represented by an attorney in the arbitration, but you will be responsible for your attorneys' fees.

The dispute will be resolved by a single arbitrator, to be held in City, State and County of New York, unless you and the Company agree otherwise. Applicable AAA Employment Arbitration Rules shall apply except as otherwise specified in this agreement. In reaching his or her decision, the arbitrator shall apply the governing substantive law applicable to the parties' claims and defenses otherwise available in court and enforce HOP policies and procedures, as applicable. (The Weblink for AAA is referenced in the attachment at the end of this letter. On the website you will find useful information that explains these alternative dispute resolution procedures in greater detail).

Any dispute submitted to arbitration must be submitted only on behalf of you individually or HOP, and neither you nor HOP shall have the right to obtain relief through a class or collective action, or join or consolidate your dispute with the claims of any other person. The arbitrator shall have no authority or jurisdiction to process, conduct or rule upon any class, collective or private attorney general proceeding, or to consolidate any individual claims in one proceeding absent mutual consent of the parties.

## Other Important Information

This Dispute Resolution Procedure remains applicable even if you are no longer employed by HOP at the time you assert a claim. By signing below, you agree (i) to mediate; and (ii) to arbitrate, with arbitration being the sole, exclusive, and final forum for any remedy. You acknowledge you are waiving any right you may have to a court or jury trial.

2

Although mediation and arbitration proceedings will be treated as confidential, nothing shall preclude you or HOP from disclosing information as may be required by law, court order or pursuant to a valid subpoena, to a government agency in connection with a charge or investigation it is conducting or to law enforcement authorities.

Your signature below indicates your understanding and acceptance of this Dispute Resolution Procedure.  Your signature also indicates that you understand that you remain an employee at-will.  Either you or HOP may file a request with a court for injunctive relief to enforce this Dispute Resolution Procedure.  New York law shall apply to this agreement

\* \* \*

HOP believes that resolving our differences in this manner is in keeping with the spirit and values of Hermes.  Thank you for working together to maintain and enhance our very special culture.

Sincerely,

Gail Wheeler
Vice President, Legal Counsel

Please sign below to accept this agreement.  Your signature means that you have read this agreement, understand it and are voluntarily entering into it.

Matthew Swain

Dated: _8-28-15_

4

ATTACHMENT

Disputes Covered.

The disputes covered by the Dispute Resolution Procedure include all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between you and HOP, its corporate parent (including, without limitation, Hermès International), their affiliates and subsidiaries and its and their owners, directors, officers, executives and employees (collectively, "HOP Entities and Persons") including, without limitation, those arising out of or related to: (i) the terms and conditions of your employment with, or separation from, HOP or HOP Entities and Persons; (ii) any agreements (written or oral) now in existence or that may come into existence in the future between you and HOP or HOP Entities and Persons; (iii) any employment policies or employee benefit plans; (iv) disputes arising from or related to alleged unfair competition, violation of trade secrets, disclosure of confidential, proprietary or private information belonging to HOP or HOP Entities and Persons; (v) claims arising from or related to alleged discrimination, harassment, or retaliation in employment (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition) under any federal, state and/or other governmental law, statute, regulation, and/or ordinance; (v) any whistleblowing claims arising under federal, state and local laws and common law; (vi) any claims relating to leaves of absence, benefits, or compensation or post-termination benefits under federal, state and local laws; and (vii) any claims arising under any other foreign, U.S. federal, state, local law or regulation but excluding those set forth in the following paragraph.

Disputes Excluded.

The following claims are excluded from the Dispute Resolution Procedure (i) claims for workers' compensation benefits; (ii) claims for unemployment compensation benefits; (iii) claims that are legally prohibited from being subject to mandatory arbitration; (iv) claims under benefit plans with their own existing claims procedures; and (v) claims for injunctive relief to enforce the arbitration provisions of this Agreement, pending resolution of any dispute through the procedure set forth herein.

Additionally, the Dispute Resolution Procedure does not restrict you from exercising any statutory right you may have to initiate or participate in any unfair labor practice cases or other proceedings before the National Labor Relations Board, to file a charge with, provide information to or participate in any proceeding or seek assistance through the Securities Exchange Commission, U.S. Equal Employment Opportunity Commission or other state or local fair employment practices agencies or other governmental agency, or to report any fraud or violation of law to any other governmental agency or law enforcement body; provided, however, you must submit all claims for individual monetary or equitable relief in connection with any disputes covered to binding individual arbitration, which will be your sole and exclusive avenue to obtain damages or equitable relief.

\*\*\*

AAA Employment Arbitration Rules and Mediation Procedures can be found at:https://www.adr.org/aaa/faces/rules/searchrules/rulesdetail?doc=ADRSTG_004366&_afrLoop=1560 858472499844&_afrWindowMode=0&_afrWindowId=wxa2yxpmn_244#%40%3F_afrWindowId%3Dwxa 2yxpmn_244%26_afrLoop%3D1560858472499844%26doc%3DADRSTG_004366%26_afrWindowMode% 3D0%26_adf.ctrl-state%3Dwxa2yxpmn_304.

Exhibit C

From: Chris <chager@n-blaw.com>
To: Gail WHEELER/US/HERMES@HERMES,
Date: 07/19/2016 04:42 PM
Subject: Re: Matthew Swain v. Hermes of Paris, Inc. et al

Ms. Wheeler, you know your email to me today wasn't confirming our telephone conversation yesterday, or any communication we have had. In fact, your correspondence is the opposite of our discussions, which have reiterated the fact that Matthew Swain never agreed to any alternate dispute resolution of his LAD claims.

Hermès attempt to compel mediation - which isn't recognized in any statute or case - is fatally flawed and will not be forced onto Mr. Swain. His lawsuit has been filed and will be served in due course. The NJ Superior Court is where his LAD claims will be decided pursuant to his constitutional right to a jury trial.

Thank you -

Chris

Sent from my iPhone

On Jul 19, 2016, at 4:26 PM, Gail WHEELER <Gail.WHEELER@hermesofparis.com> wrote:

Dear Mr. Hager. This will confirm our telephone conversation yesterday July 18, 2016 where I advised you that Hermes will initiate mediation in accordance with the terms of the dispute resolution letter signed by your client Matthew Swain. Attached you will find the completed AAA Request for Mediation form and materials that are being simultaneously transmitted to AAA.

Thank you.
<mime-attachment.gif>

1